```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MICHIGAN
                          SOUTHERN DIVISION
```

**ADVOTIS GENERAL TRADING, LLC,**

            Petitioner,

    v.

**UNITED STATES OF AMERICA,**

            Respondent.

**HONORABLE DENISE PAGE HOOD**

**No. 21-mc-50963**

_____

**PERFECT FRAME, LLC,**

            Petitioner,

    v.

**UNITED STATES OF AMERICA,**

            Respondent.

**No. 21-mc-51029**

_____

**CAMARO IMPEX GENERAL TRADING, LLC,**

            Petitioner,

    v.

**UNITED STATES OF AMERICA,**

            Respondent.

**No. 21-mc-51162**

_____

**CAPRICORN GOODS WHOLESALERS, LLC**

            Petitioner,

    v.

**UNITED STATES OF AMERICA,**

            Respondent.

**No. 21-mc-51128**

_____/

**MOTION TO REQUEST REMISSION OF SEIZED FUNDS
AND MOTION TO STRIKE RESPONSE**

**MOTION TO REQUEST REMISSION OF SEIZED FUNDS
AND MOTION TO STRIKE RESPONSE**


**Wednesday, October 6, 2021**


Appearances:

|  |  |
|---|---|
|  | Gjon Juncaj |
| Rebecca Castaneda | Michael El-Zein |
| The Castaneda Law Firm | U.S. Attorney's Office |
| 506 North Amenia Avenue | 211 W. Fort Street, #2300 |
| Tampa, Florida  33609 | Detroit, Michigan  48226 |
| (813) 694-7780 | (313) 226-9100 |
| On behalf of Petitioners | On behalf of Respondents |

- - -

*To obtain a certified transcript, contact:*
*Sheri K. Ward, Official Court Reporter*
*Theodore Levin United States Courthouse*
*231 West Lafayette Boulevard*
*Detroit, Michigan  48226*
*(313)234-2604 · ward@transcriptorders.com*

*Transcript produced using machine shorthand and CAT software.*

*M/Request Remission of Seized Funds and M/Strike Response*
*Wednesday, October 6, 2021*

**I N D E X**

<u>Motions Hearing</u>                                              <u>Page</u>

Argument by Ms. Castaneda  .......................7

Argument by Mr. Juncaj  .........................13

Argument by Ms. Castaneda  ......................21

Argument by Mr. Juncaj  .........................23

Certification of Reporter .......................25

-   -   -

**E X H I B I T S**

<u>Number</u>     <u>Description</u>                    <u>Id'd</u> <u>Rcvd</u> <u>Vol</u>.

***None Marked, Offered or Received***

-   -   -

*Advotis, Perfect Frame, Camaro and Capricorn v. U.S.A.*

*M/Request Remission of Seized Funds and M/Strike Response*
*Wednesday, October 6, 2021*

Page 4

1          Detroit, Michigan

2          Wednesday, October 6, 2021

3          2:27 p.m.

4          -   -   -

5      (Call to Order of the Court.)

6          **THE CLERK:**  The Court calls Case Numbers Advotis

7   General Trading, LLC, 21-mc-50963; Perfect Frame, 21-mc-51029;

8   Camaro Impex General Trading, Case Number 21-mc-51162; and

9   Capricorn Goods Wholesaler, LLC, 21-mc-51128.

10      Appearances for the record, please.

11          **MR. JUNCAJ:**  Good afternoon, Your Honor.  Gjon Juncaj

12   and Michael El-Zein for the United States.

13          **THE COURT:**  I'm sorry, tell me that again, please.

14          **MR. JUNCAJ:**  John Juncaj and Michael El-Zein for the

15   United States.

16          **THE COURT:**  Okay.  Good afternoon to you.

17          **MS. CASTANEDA:**  Good afternoon, Your Honor.

18   Rebecca Castaneda for the petitioners, for Perfect Frame,

19   Advotis General, Camaro Impex and Capricorn Goods.

20          **THE COURT:**  Okay.  And you with you at counsel table

21   is?

22          **MS. CASTANEDA:**  Robert Liberto.  He's my

23   investigator.

24          **THE CLERK:**  You may be seated.

25          **THE COURT:**  How do you spell his last name?

*Advotis, Perfect Frame, Camaro and Capricorn v. U.S.A.*

1        **MR. LIBERTO:**  L-i-b-e-r-t-o.

2        **THE COURT:**  Okay.  Thank you.

3     All right.  Good afternoon to all of you.  We're here on

4  motions to -- by the petitioner for remission of seized funds

5  and a motion to strike the Government's response, and the

6  motion for remission of seized funds is I think in all of the

7  cases and in two of them a motion to strike the response.  Is

8  that correct?

9        **MS. CASTANEDA:**  Yes, Your Honor.

10       **THE COURT:**  And, let's see, you all told me that

11 one of the cases is not set for hearing today but you're

12 prepared to proceed on it; is that right?

13       **MR. JUNCAJ:**  That is correct, Your Honor.

14       **THE COURT:**  Is that the Cameron case?  Which one is

15 that?

16       **MS. CASTANEDA:**  It was Capricorn Goods, Your Honor.

17       **THE COURT:**  Okay.  Very well.  I'm ready to proceed.

18       **MS. CASTANEDA:**  Your Honor, we have four separate

19 petitions.  Should I address each one at a time or how does the

20 Court prefer for me to present argument?

21       **THE COURT:**  Well, they have some of the same

22 arguments and so I would say all of the arguments that are the

23 same address them at once, and any arguments that you think are

24 particular to one address those all at the end.

25       **MS. CASTANEDA:**  Okay.

       *Advotis, Perfect Frame, Camaro and Capricorn v. U.S.A.*

1      **THE COURT:**  Is that agreeable to the Government?

2          **MR. JUNCAJ:**  Yes, Your Honor.  And also one other

3    housekeeping matter.  Does the Court want us to present seated

4    or standing at the lectern?

5          **THE COURT:**  Well, I have been letting people because

6    of social distancing and because we don't have Plexiglas in

7    this particular courtroom -- you do need to leave your mask on

8    and talk loudly.  You may talk into your mic at your seat or

9    you can come to the podium and speak into the microphone there,

10   if you would, where everyone can hear you much better, but it's

11   up to you relative to your own regard for personal safety.

12         **MR. JUNCAJ:**  Thank you, Your Honor.

13         **THE COURT:**  Okay.  I want to just make a note because

14   I had gone through your pleadings and read on Page 3, I think,

15   of ECF Number 4 that the application for unsealing certain

16   portions of the prior filed items had not been signed by the

17   Court, and it was signed on August 26, which was after your

18   filing, but, you know, it was filed under seal because it asked

19   that sealed things be continued to be sealed.  Are you aware of

20   that?

21         **MR. JUNCAJ:**  Your Honor, the last I checked -- and to

22   be clear for the record you are referring to a related civil

23   case, not a case that's squarely before the Court for hearing

24   today?

25         **THE COURT:**  No, no, it's a related case.  I'm sorry,

     *Advotis, Perfect Frame, Camaro and Capricorn v. U.S.A.*

1    I should have made that clear.

2          **MR. JUNCAJ:**  Thank you, Your Honor.  The last I

3    recall the request to seal portions of that docket, which is

4    21-CV-10928, was approved, I thought it was approved under

5    seal, and you are correct, Your Honor, in that we asked that

6    certain things be unsealed meaning --

7          **THE COURT:**  So the whole order though that was

8    presented did both unsealing and remain sealed items so it got

9    filed under seal and there isn't anything on the docket to show

10   what it is unsealed in that underlying case, just so you know.

11         **MR. JUNCAJ:**  Okay.

12         **THE COURT:**  It's on the sealed docket so you might

13   want to do something about that.

14         **MR. JUNCAJ:**  We will revisit that, Your Honor.

15         **THE COURT:**  Make a separate order for those things

16   being unsealed just for the record.

17         **MR. JUNCAJ:**  Thank you, Your Honor.

18         **THE COURT:**  Okay.  So let's proceed.

19         **MS. CASTANEDA:**  Thank you, Your Honor.  May it please

20   the Court, before you are four separate Rule 41(d) petitions

21   that have been filed related to numerous wires that have been

22   seized by the United States Government.  The first wire --

23         **THE COURT:**  Okay.  One second.  Can the people in the

24   audience hear?  Yes?  Okay, good.  Just keep your voice up, and

25   maybe -- isn't there a microphone at that table?  But I know

1   it's down, but just speak toward it.

2        **MS. CASTANEDA:**  Yes, Your Honor.  Approximately

3   327 days ago the United States Government began seizing money

4   from the four petitioners before the Court as well as a handful

5   of others that I don't represent.  The first wire was $30,540,

6   and over the course of the next five to six months numerous

7   other wires were seized.

8        Beginning with Advotis, their wires were routed and had

9   intermediary banks in the United States, in the states of

10  New York and one wire in the state of North Carolina, that were

11  routed from Dubai through an intermediary bank on to a non-U.S.

12  location.  This ranges from India, Thailand, Germany, Denmark,

13  Turkey.  Mostly, if not all, were non-U.S.-based wires.

14       These began to be seized.  We are not certain how or why

15  they were seized.  Once these were seized, Advotis, as well as

16  every other petitioner in this case that I represent, contacted

17  the United States Government, either Special Agent

18  Derrick Newsome [sp] or the AUSA for this case, asking why.

19  They received minimal information.

20       Some of these wires never were even provided as a notice

21  of seizure by the bank.  So the bank in some of these said,

22  hey, to the petitioner, your money was seized, and here's a

23  SWIFT message that tells you what to do next.  A very large

24  portion of these had nothing at all, and we still don't know to

25  this date whether those were actually seized by the

1   United States Government.

2       When they received contact information for the

3   United States Government as to who to contact to ask about

4   this, an exchange of emails began with questions from the

5   United States Government asking whether petitioners knew a

6   separate company that does not appear to be a part of this case

7   in general, and the purposes of the wire, the amount and dates.

8   Some information was provided in the form of invoices.

9       These four petitioners import and export goods and ship

10  them around the world, as is demonstrated by the exhibits, the

11  final locations, various amounts, various countries.  They

12  asked why the money was frozen or seized.  They were told by

13  the United States Government an asset forfeiture proceeding

14  would be initiated, they would receive notice, and that was the

15  extent of that.

16      They retained counsel, Dawn Mead.  She is counsel.  She's

17  in Texas.  She's not a party -- she's not an attorney of

18  record -- noticed as an attorney of record, Your Honor, but she

19  is counsel on this matter with me.  She contacted the

20  United States Government, asked questions, was told there's

21  likely to be a criminal indictment coming down in December, we

22  would know more then.

23      That seemed suspicious to me given the circumstances.  I

24  was retained.  I reached out to the United States Government

25  and was essentially told the same thing, that it was sealed.

*Advotis, Perfect Frame, Camaro and Capricorn v. U.S.A.*

1   There was no question as to whether this would be returned.

2   There was no negotiations.  It was not until we filed the

3   Rule 41(g) petitions with this Court before we could get any

4   sort of formal response and any sort of due process as to these

5   numerous wires.

6       It's approximately $3.5 million that has been seized.  I

7   think we have over 60 wires from various countries and various

8   banks.

9       So we filed our petition exhibiting everything that we

10  could show to the Court that this was improper.  As far as we

11  know, up until about 20 minutes ago when I was provided with

12  service, civil asset forfeiture proceedings had not been

13  initiated.  I believe it was August 24, the date of the first

14  reply of the first petition, did the Government finally do

15  something and provide notice in some way and filed a response

16  to our petition as well as apparently a motion to unseal a

17  related civil asset forfeiture case.

18      We are still not a party to that.  I was just served about

19  20 minutes ago with a petition for four.  I have no idea what's

20  in it.  That document doesn't show much of anything.  I don't

21  see warrants predating the seizure.  I don't see a Court order

22  predating the seizure.  In one communication to Attorney Mead

23  from the United States it says that this was a federally

24  authorized seizure, not an order.  So under 41(g) that is the

25  proper procedure for this Court to hear this matter.

        *Advotis, Perfect Frame, Camaro and Capricorn v. U.S.A.*

1    It wasn't until the last two weeks did the court -- did

2  the United States appear to finally file something that

3  resembles due process in terms of seizing these funds.  It's

4  been 327 days, Your Honor, since the first wire was seized on

5  11\13\2020 from Capricorn Goods was the first wire seized, and

6  then they go from December to about the middle of January and

7  then they pick up again.

8    I have no way of knowing based upon what is before me the

9  basis for this.  I have been made aware of the civil case

10  recently.  I believe the warrant was filed yesterday.  I find

11  all of this timing incredibly suspicious.

12    I find the United States Government's opposition basically

13  stating constitutional rights don't apply to our argument

14  legally and ethically objectionable, and, thereafter, in two of

15  the cases I filed motions to strike because the Government

16  raises several procedural arguments that are irrelevant and

17  improper and not required in a 41(g) petition.

18    One of them is a heightened requirement that the Sixth

19  Circuit has explicitly overruled in an issue of first

20  impression.  That is cited in our brief.  It appears to me that

21  the United States is attempting to back-door or build up some

22  sort of case after failing to follow due process.

23    We object to venue.  I am not certain why I'm standing in

24  a Michigan Court.  I'm happy to come here, but I'm not certain

25  why I am in this particular courtroom.  I believe venue is not

1  proper here.  I'm not certain as to why --

2         **THE COURT:**  When you say "not proper here," you mean

3  in this district?

4         **MS. CASTANEDA:**  In this district, yes, Your Honor.

5  We're in the Eastern District of Michigan, and these bank wires

6  were all seized in New York and North Carolina.  And I can see

7  how -- one potentially bank wire in North Carolina and

8  99 percent of the others in New York, I can see an argue being

9  made that New York is proper.  I have no idea why I am standing

10  in Michigan.

11      I don't understand it, and we have had two attorneys

12  attempt to get more information, and the Government essentially

13  told us wait until December when we'll have a criminal

14  indictment, which in and of itself raises questions regarding

15  the Fifth Amendment, where a special agent of the United States

16  Government is questioning somebody about what is going on,

17  where is this wire coming from, knowing that this could

18  potentially be a criminal investigation.

19      The petitioners are located outside the United States in

20  Dubai.  The bank wires that were seized are outside of the

21  State of Michigan.  We have attempted to get as much

22  information as possible, and it is really out of necessity that

23  the 41(g) has come before you, and it is appropriate for the

24  Court to decide that petition separate from any civil asset

25  forfeiture proceedings that have just apparently now been

1    initiated because at the time of this filing up until

2    20 minutes ago, Your Honor, there was no actual civil asset

3    forfeiture proceeding, and the rules that apply -- the Civil

4    Rules of Procedure that apply to that proceeding have not been

5    followed.  There has been no notice, and that is the reason for

6    our petitions and for the two motions to strike, Your Honor.

7             **THE COURT:**  Okay.  Thank you.  Do you wish to

8    respond?

9             **MR. JUNCAJ:**  Your Honor, if I may, I'll approach the

10   lectern --

11            **THE COURT:**  Okay.

12            **MR. JUNCAJ:**  -- and speak from there.

13            **THE COURT:**  That's fine.

14            **MR. JUNCAJ:**  Thank you.

15       May it please the Court.  Your Honor, I think it's

16   important for the Court to take a step back and look at the

17   actual facts procedurally before it to include matters that

18   were filed with this court and the Court is well aware of.

19       Ms. Castaneda paints a picture of the United States

20   conjuring up a civil forfeiture proceeding at the last minute

21   because it needs to respond to a Rule 41(g) motion on behalf of

22   four petitioners who appear before this Court, Your Honor,

23   through no declaration to establish who they are outside of the

24   words of Ms. Castaneda, their attorney, that they have all

25   hired in the United States.

         *Advotis, Perfect Frame, Camaro and Capricorn v. U.S.A.*

1   But proceedings before the Court are a criminal
2   investigation that led to a duly-authorized seizure warrant
3   that was approved in December of 2020, and as the Court is well
4   aware, a seizure warrant requires the affidavit in support of
5   an agent's written testimony laying out the probable cause
6   authorizing this court in the Eastern District of Michigan to
7   seize the wires that it seized at the end of December through
8   early January.

9   Subsequent to that time, Your Honor, there was a complaint
10  for forfeiture filed under seal, and that was in April of 2021.
11  Subsequent to that, Your Honor -- shortly thereafter, I should
12  say, in May the United States, continuing its criminal
13  investigation, sought a second seizure warrant and established
14  through an affidavit of an agent that there was probable cause,
15  as required by the Constitution of the United States, that
16  there was probable cause to seize the wire funds that were
17  seized traversing into the United States.

18  Now, I do find it remarkable, Your Honor, that what's
19  being posited to the Court here is that we had no idea that
20  this case was happening, this sealed civil case, that there was
21  a civil forfeiture case, that it's a surprise, that it popped
22  out of a box 20 minutes ago, when in fact, Your Honor -- and we
23  felt so strongly about this that, unlike the petitions and
24  pleadings that are filed by Advotis and the other general
25  trading companies, there is no declaration in support -- I felt

*Advotis, Perfect Frame, Camaro and Capricorn v. U.S.A.*

1  strongly enough, Your Honor, to submit my own declaration in

2  response to sort of a hide-the-ball argument or a

3  head-in-the-sand argument that was put forth in Advotis'

4  pleading, which is, Your Honor, we have searched far and wide

5  for, quote-unquote, unsealed civil complaints as if to portray

6  to this Court that there is nothing out there without

7  disclosing that Ms. Castaneda, when she called me and spoke to

8  me on one occasion regarding Advotis, that I disclosed to her

9  the pendency of a sealed case, civil case.

10      I provided her with the docket number, as this Court

11  authorized us to do at that time, and the pleadings that this

12  Court is now reviewing, in that initial pleading -- and I

13  encourage the Court to look at it -- is that we looked

14  everywhere and there was no due process, we don't know what's

15  going on, as repeated here to Your Honor a short time ago.

16  That was in June of 2021.

17      Subsequent to that, Your Honor, there was an amended

18  complaint for forfeiture filed under seal, and that amended

19  complaint was ultimately unsealed a short time thereafter at

20  the end of August, and what the Government did is it

21  consolidated the first seizures with the second seizures and

22  recently a second-amended complaint was filed, which the

23  Government served, as Ms. Castaneda indicated, served on

24  counsel for Advotis and the other general trading companies, as

25  is authorized under Supplemental Rule G, the rules that govern

1   civil forfeiture proceedings.  That service can be accomplished

2   on the attorney representing potential parties.

3       Now, if the Court wants to know what is going on in the

4   background, I would encourage you to look at that pleading that

5   was filed, the second-amended complaint.  That, too, was

6   verified under penalty of the perjury by an agent.  And, if

7   Ms. Castaneda had reviewed that previously -- again, it's been

8   unsealed for some time.  She was aware of the docket number for

9   some time.  It's her choice not to review it.  But, what you'll

10  find is that there are allegations of an underlying criminal

11  investigation alleging that there is a conspiracy by actors

12  located outside of the United States to what we call a shadow

13  exchange, which Ms. Castaneda's clients, we allege, are a part

14  of, to internationally launder U.S. Dollars and to violate U.S.

15  law by violating 18 U.S.C. 1960, which is illegal money

16  transmitting to and through the United States.

17      On those allegations I would note, Your Honor, that one of

18  the parties before you here today, Perfect Frame -- it is true

19  that these targeted entities reached out to the United States

20  because the United States advised the banks that if, if there

21  is a contact from parties that are affected to please provide

22  contact information of these specific individuals of the

23  United States so they would have someone to talk to.

24      I would note, Your Honor, that the warrant was served on

25  the U.S. banks that were handling the wire transfers, and,

1   although the Government's primary position in this case, and

2   I'll get to that, is that it feels that Perfect Frame and the

3   entities before this Court absolutely should have their day in

4   court, we welcome the arguments that were raised, but this is

5   not the proper venue to do that.

6        But, leaving that aside for a moment, I will note that, to

7   the extent that there's an allegation that they should have

8   been served with the actual warrant, which is still under seal,

9   by the way, because there is still a pending investigation,

10  Rule 41(f)(1)(C) requires nothing of the sort.  All that it

11  requires is that it serve the entity holding the property,

12  which the Government did, in this case the banks.  There was no

13  support in the pleadings filed with the court by the

14  petitioners that require a different result.

15       There is a case I'd like to draw to the Court's attention.

16  It's in the Eastern District of New York, but the citation is

17  108 F.Supp 3d 59, and at Pages 83 through 84, Your Honor --

18  it's a 2015 case -- it talks about an analogous situation where

19  in that case law enforcement served a search warrant on a

20  Fed Ex parcel being held at the Fed Ex facility, and the

21  challenge that was raised was the person that sent that Fed Ex

22  parcel should have received a copy of the warrant, and the

23  Court held that there's no requirement for that.  There's no

24  violation if that's not done.  The rule simply requires that it

25  be served at the facility or at the place that the item was

*M/Request Remission of Seized Funds and M/Strike Response*
*Wednesday, October 6, 2021*

*Page 18*

1  seized from.

2    Likewise, in this case, Your Honor, Advotis and the other

3  general trading companies before this Court, they ship their

4  money off from Dubai, and it essentially went into a Fed Ex

5  package but in electronic means, and made its way to the

6  United States and we seized it in the United States.

7    That's all I'll say with regard to the due process

8  allegations, Your Honor, and, again, we welcome those

9  arguments, but what Advotis and Perfect Frame and Camaro as

10  well as Capricorn are requesting is that they not -- even

11  though there is a pending civil forfeiture case, that all of

12  the other potential claims we are going to have to litigate

13  through, through which they do have to file within the rules,

14  Supplemental Rule G, a claim under -- verified under penalty of

15  perjury, which you don't see at all in the pleadings currently

16  before the Court, all other claimants will have to follow that

17  course under the law, but the parties that hired an attorney

18  already and in the face of an existing process, which is an

19  adequate remedy under the law, as the *Shaw* case clearly holds

20  in the Sixth Circuit, when there's a pending civil forfeiture

21  case, you have to litigate your arguments there.

22    What they are looking for is an exception.  It appears

23  they don't want to submit that declaration under penalty of

24  perjury, and to the Government that's no surprise because if

25  you look at the related civil case you will see that Perfect

*Advotis, Perfect Frame, Camaro and Capricorn v. U.S.A.*

1  Frame when it reached out to, as alleged and it appears that

2  they concede, Perfect Frame reached out to the United States in

3  an attempt to show, hey, this is a legitimate transaction

4  submitted to an agent a false invoice that it was verified as

5  being false when it was compared to the United States company

6  that they purported to be dealing with.

7      And make no mistake, Your Honor, the procedural

8  protections that are laid out in a civil proceeding are very

9  robust, but it does require that the rules be followed.  There

10 has to be a claim made, and, as the Court cited -- as the

11 Government cited in its briefs, to weed out any potential

12 fraudulent claims.  It has to be under penalty of perjury.  It

13 has to be by an authorized representative of the corporation,

14 not an attorney that's present in the United States.  That

15 applies to U.S. citizen companies, U.S. citizens, and it

16 certainly should apply to companies located over seas.

17      Your Honor, there is another case cited in the briefs but

18 not for the reasons I'm going to advise the Court of now, but

19 it's another Sixth Circuit case which, like *Shaw*, holds that

20 when there is a civil forfeiture case pending or a traditional

21 forfeiture procedure pending 41(g) motions must be dismissed

22 because those are remedies under equity.

23      In the Sixth Circuit's decision in *Brown*, 692 F.3d 550,

24 Your Honor, there is an analogous situation there where the

25 mother of a defendant in a criminal case sought to retrieve

*Advotis, Perfect Frame, Camaro and Capricorn v. U.S.A.*

1  some cash or assets that were seized from a defendant.  In that

2  case the mother filed a 41(g) motion after the fact, which the

3  Court concluded that it should be dismissed because they had an

4  adequate remedy under the law, and in that case it was the

5  criminal forfeiture procedures that she could avail herself of.

6        But what I think is important to note from that case,

7  Your Honor, is that the Court said that the mother in that case

8  must first be required to establish that they have a claim

9  under the procedures that are already in place in that criminal

10  proceeding and, likewise, the mother was alleging violations of

11  18 U.S.C. 983, which only apply to administrative forfeiture.

12  The same argument is being made here, that in some way

13  proceeding judicially violates statute, which it does not.  Due

14  process arguments were made, and the court there said you have

15  to follow the rules first and establish you have a claim under

16  the processes that are already before you.

17        And finally, Your Honor, again, we welcome the claims, but

18  we feel the Court at this point, where there is a civil

19  forfeiture proceeding in place, should require the petitioners

20  to follow the same process that everybody else will have to

21  follow.

22        And, in closing, I would note imagine the outcome if the

23  petitions were granted and some special rule was created just

24  for these petitioners.  Meanwhile, these petitioners will tell

25  you likewise that the wires that were sent were sent to

*M/Request Remission of Seized Funds and M/Strike Response*
*Wednesday, October 6, 2021*

Page 21

1  third-party beneficiaries.  Those individuals or parties or

2  corporations have a right to be heard by the Court, too, and

3  the Government intends to serve every one of them that it can

4  locate no matter where they are located in the world.  And that

5  will be a huge undertaking, but we're going to do it.

6      If we allow this petition to go forward, in the unlikely

7  event that funds were returned to these petitioners without

8  giving an opportunity to the other parties, that certainly is

9  not an injustice that is contemplated in any case where a

10  Rule 41(g) motion is granted.  But what is the more likely

11  outcome, Your Honor, and we urge the Court to follow, is the

12  precedent before the Court, which is everyone will have their

13  day in court, follow the rules established by Congress, if the

14  Government did something wrong the Court can conclude that in

15  those proceedings, but not today, not in Detroit, and not

16  elsewhere.

17      Thank you, Your Honor.

18          **THE COURT:**  All right.  Thank you.

19      Do you wish to reply?

20          **MS. CASTANEDA:**  I do, Your Honor.  I'd like to

21  briefly touch on *Shaw v. United States*.  I think there may have

22  been a misstatement of what that case actually holds.

23      This case and the petitions before the Court hinge on

24  notice.  Notice is required by procedure.  In *Shaw v.*

25  *United States*, the Court cites *Floyd*, and it says:

      *Advotis, Perfect Frame, Camaro and Capricorn v. U.S.A.*

*M/Request Remission of Seized Funds and M/Strike Response*
*Wednesday, October 6, 2021*

Page 22

1      "In this case the Government indicated in an

2      affidavit that it intended to file a civil forfeiture

3      action against Floyd but did not formally do so until

4      after the District Court held a hearing on Floyd's

5      41(c) motion.  Because notice was not published until

6      after the 41(c) hearing, Floyd could not have availed

7      himself of the appropriate legal remedies.  Section

8      1607 requires that the Government publish a notice of

9      intent to seize property.  Only after receiving that

10     notice is the plaintiff required to follow the

11     statutory procedures."

12  And that is exactly what we have here, Your Honor.  No

13  notice has been provided until this morning -- this afternoon

14  when I was provided with a copy of what I believe is probably

15  the complaint.  The arrest warrant was filed yesterday, and

16  this wasn't until the very first petition filed July 20th was

17  filed with this Court.  We shouldn't have to file 41(g)

18  petitions to make the United States Government do their job,

19  and that's what we have had to do.

20     So this case is perfectly ripe for this Court to hear

21  under 41(g) because, while the Government is initiating a civil

22  action, it hasn't done so properly, and it's done it late, and

23  it's done it over 300 days after it first seized its first

24  wire, and that's in contradiction to DOJ policy as well as IRS

25  policy.  We shouldn't have to come to Michigan and file

*Advotis, Perfect Frame, Camaro and Capricorn v. U.S.A.*

1 petitions to tell the Government where is our money, please

2 tell us what's going on, and then the Government turn around

3 and say, well, you need to come over here in this lane, in this

4 civil asset forfeiture, and we'll file those proceedings when

5 we feel like it, which is exactly what has happened:  Under

6 seal, amended twice, and then an arrest warrant filed

7 yesterday.  That is not how due process should occur in the

8 United States.

9      Thank you.

10      **THE COURT:**  Okay.  Anything else?  Do you want to --

11 do you have any separate arguments relative to the other cases?

12      **MS. CASTANEDA:**  Nothing, Your Honor.  They all

13 overlap.  And, as I mentioned, venue was an issue.  I didn't

14 hear the United States Government touch on venue their reply.

15      **THE COURT:**  Okay.  Do you want to touch on venue?

16      **MR. JUNCAJ:**  Well, Your Honor, I would just note

17 again that venue is discussed in the civil forfeiture case

18 pending before it, and we would submit that there is venue,

19 which is why we filed the case, which is why I think seizure

20 warrants for this district were authorized.  Seizure warrants

21 are permissible to be executed anywhere in the country even

22 though they are issued here in the United States District

23 Court.

24      When Ms. Castaneda has an opportunity, she needs to read

25 that civil complaint that has been on the docket for over a

*Advotis, Perfect Frame, Camaro and Capricorn v. U.S.A.*

1  month.  It will indicate what our basis for venue is there,

2  namely that Perfect Frame, Advotis and other entities are part

3  of a conspiracy that we term a shadow exchange that have

4  previously sent money to this district that have been utilized

5  by an international drug-trafficking organization that is

6  charged in this district, and that with those facts and other

7  things stated in that complaint they will have their day in

8  court to argue that venue is improper.

9      But, again, we just urge the Court to follow Supreme Court

10  precedent -- I'm sorry -- Sixth Circuit precedent and all of

11  the other circuits that agree that in the face of civil

12  forfeiture proceedings that's the way that we must proceed, and

13  we welcome those further pleadings in a claim filed under

14  penalty of perjury so we can start that process.

15      Thank you, Your Honor.

16          **THE COURT:**  Okay.  All right.  Then if you don't have

17  anything else, I'll give you a written order.  All right?

18          **MS. CASTANEDA:**  Thank you, Your Honor.

19          **THE COURT:**  Okay.  All right.

20          **MR. JUNCAJ:**  Thank you, Your Honor.

21          **THE COURT:**  Thank you very much for your arguments,

22  and court is in recess.

23      (Proceedings concluded at 2:59 p.m.)

24                      -   -   -

25

1          **C E R T I F I C A T I O N**

2          I certify that the foregoing is a correct transcription of

3     the record of proceedings in the above-entitled matter.

4

5     s/ Sheri K. Ward                          11/2/2021
      Sheri K. Ward                             Date
6     Official Court Reporter

7                              -   -   -

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25