UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CAMARO IMPEX GENERAL
TRADING LLC,

   Petitioner,

v.

UNITED STATES OF AMERICA,

   Respondent.
_____/

Case No. 21-mc-51162
Hon. Denise Page Hood

**ORDER DENYING INITIATING MOTION/PETITION FOR REMISSION OF SEIZED FUNDS (ECF No. 1), DENYING MOTION TO STRIKE RESPONSE TO PETITION (ECF NO. 9), AND DISMISSING MISCELLANEOUS ACTION**

This matter is before the Court on Petitioner Camaro Impex General Trading LLC's ("Camaro's") September 9, 2021 Motion to Request Remission of Seized Funds (ECF No. 1) pursuant to Fed. R. Crim. P. 41(g) and Motion to Strike Respondent United States of America's ("Government's") response to the Petition. (ECF No. 9). A hearing was held on the matter.

**I. BACKGROUND**

This action is a companion case to a forfeiture action, *United States of America v. Currency $3,840,772.58, et al.*, 21-cv-10928. In separate actions, Advotis, General Trading, LLC, Capricorn Goods Wholesaler, LLC and Perfect Frame, LLC ("Perfect Frame"), also seek remission of seized funds under Fed. R.

1

Crim. P. 41(g). See, *Advotis General Trading, LLC v. United States of America,* 21-mc-50963; *Capricorn Goods Wholesaler LLC v. United States of America,* 21-mc-51128; and *Perfect Frame, LLC. v. United States of America,* 21-mc-51029.

Camaro alleges that it is a trading company based in Dubai, United Arab Emirates which "imports and exports throughout the world." In dispute is the December 29, 2020 seizure of $6,733.00 and May 3, 2021 seizure of $29,899.00 which "were seized from intermediary banks after being debited from Camaro's United Arab Emirates-based account." (ECF No. 1, PageID.2, 4). The intermediary banks from which the funds were allegedly seized were JP Morgan Chase and Deutsche Bank Trust Co. respectively. (*Id.* at PageID.4), (ECF No. 1-2, PageID.22).

Camaro seeks remission of the seized funds, alleging that "it was not provided with a copy of any search or seizure warrant nor a copy of the search or seizure inventory or any information regarding these seizures, all in violation of [Rule 41]. (*Id.*, PageID.4). Camaro alleges further that at no point prior to the first seizure was it informed that the "wire transfers were suspicious or subject to seizure and forfeiture by the United States Government." (*Id.*, PageID.6). Camaro states that it was "not served a summons or complaint for any civil action, thereby denying [its] fundamental right to due process to challenge the seizures." (*Id.*).

In response, the Government argues that the funds in dispute were seized "pursuant to federally authorized seizure warrants" and that the action should be

2

dismissed. (ECF No. 5, PageID.31). It notes that the seizure was initiated under seal in the United States District Court for the Eastern District of Michigan. (*Id*., PageID.32). As authorized by the sealing court, the Government states that the docket number of the sealed forfeiture action was provided to Ms. Castaneda after being advised that she represented Advotis in the forfeiture action, but that "[a] similar disclosure was not made to Ms. Castaneda regarding [Camaro]" because the Government "was never advised of her representation of [Camaro] at any point before the filing of its Rule 41(g) motion." (*Id*., n 1).  The Government notes that the Amended Complaint in the underlying forfeiture action was unsealed on August 26, 2021 and is available for Camaro to review. (*Id*., PageID.33).  The Government states that upon approval of its Application for Leave to File Second Amended complaint for Forfeiture, it will serve Ms. Castaneda "with the operative civil forfeiture complaint." (*Id.*, PageID.35).

Pursuant to the Court's September 28, 2021 order, the Government filed its Second Amended Complaint on September 30, 2021. See, Case No. 21-cv-10928 (ECF Nos. 8-9).

## II.  APPLICABLE LAW

Under Fed. R. Crim. P. 41(g):

> "A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide

3

> the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings."

Rule 41(g), previously codified as 41(e), is an equitable remedy. *Shaw v. United States*, 891 F.2d 602, 603 (6th Cir. 1989). In *Shaw,* the Court found that the lower court properly denied Shaw's Rule 41(e) motion for return of her property "on the grounds that there was a specific remedy provided for at law which she failed to pursue." *Id.*; *see also* United *States v. U.S. Currency $83,310.78*, 851 F.2d 1231, 1235 (9th Cir. 1988)("[W]hen a civil forfeiture proceeding is pending, there is no need to fashion an equitable remedy to secure justice for the claimant. The district court did not err in denying the Rule 41(e) motion").

Forfeiture actions in rem such as the underlying action are governed by Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Act ("Rule G"). Under Rule G(3)(c)(ii)(B), *"*the authorized person or organization must execute the warrant and any supplemental process on property in the United States as soon as practicable unless . . . the court orders a different time when the complaint is under seal, the action is stayed before the warrant and supplemental process are executed, or the court finds other good cause." Under G(4)(b)(iii)(B)(Notice to Known Claimants), "[n]otice may be sent to the potential claimant or to the attorney representing the potential claimant with respect to the seizure of the property or in a related investigation, administrative forfeiture

4

proceeding, or criminal case."

### III.  ANALYSIS

**A.  Camaro's Request for Remission (ECF #1) and Response**

Camaro seeks the remission of the seized funds under Fed. R. Civ. P. 41(g), arguing that the seizure was "a flagrant violation of [its] due process rights . . ." (ECF No. 1, PageID.9). Camaro states that it is "unable to determine the statutory basis for the seizure of funds; the status of the funds; [or] the status of any seizure and/or forfeiture actions taken on behalf of the United States." (*Id.*, PageID.10). Camaro states further that probable cause did not exist for the seizure and a preponderance of the evidence does not support the forfeiture of the funds as required by the U.S. Department of Justice Asset Forfeiture Manual, Chapter 2, Section I, Seizure and Restraint Overview; Internal Revenue Manual 9.7.2.7.1, Seizure Warrant, and Internal Revenue Manual 9.7.2.7.8, Burden of Proof (*Id.*), and that the government is required within 90 days of the claim "to commence a civil forfeiture action against the asset." (*Id.*, PageID.11).  Camaro states that while the Government "has retained control of the seized funds for over 127 days" as of the day this Petition was filed, it "has yet to provide notice ... of any seizure or forfeiture proceedings." (*Id.*, PageID.11-12). Camaro argues further that "[t]here are no facts to support that venue is proper in the District of Eastern Michigan." (*Id.*, PageID.11).

In response, the Government contends that the petition should be dismissed

for lack of subject matter jurisdiction, arguing that "[i]t is well established that a request for the return of property under Rule 41(g) should be dismissed where forfeiture proceedings have been initiated by the United States." (ECF No. 5, PageID.33)(*citing Shaw, supra,* 891 F.2d at 603). It contends that Rule G "provides Petitioner with an adequate remedy under the law" which "is replete with procedural protections for claimants of seized assets in civil judicial forfeiture proceedings." (*Id.*, PageID.34).

As to Camaro's claim that it was not given timely notice of the seizure, the Government cites Rule G(3)(c)(ii)(B), which states that the "court may order a different service of process time 'when the complaint is under seal, the action is stayed before the warrant and supplemental process are executed, or the court finds other good cause.'" (*Id.*, PageID.5). It notes that under Rule G, now that the Complaint is unsealed "the civil forfeiture proceedings require that notice be provided to the world through 'publication' and direct notice to any person who reasonably appears to be a potential claimant.'" (*Id.*)(*quoting* Rule G(4)(a-b)).

The Government also contends that Rule G contains "procedural protections" ensuring that "only self-verifying claimants be permitted to file a claim to seized assets." (*Id.*, PageID.36). It notes that Camaro has provided no "certified or uncertified record[] or a declaration under penalty of perjury" showing that it "is currently a registered legal entity in the [United Arabic Emirates.]" (*Id.*, PageID.36,

6

n. 2). The Government states that "[i]n contrast to the procedural filters mandated by [Rule G,]" the present action is "unsupported by declaration and with no verification that is properly authorized by [Camaro]." (*Id.*, PageID.37). It states that it "will serve counsel for the Petitioner with the operative civil forfeiture Complaint" as provided by Rule G upon approval of its Application for Leave to File Second Amended Complaint for Forfeiture." (*Id.*). *See United States of America v. Currency $3,840,772.58, et al.,* 21-cv-10928, ECF No. 7. The Government filed its Second Amended Complaint on September 30, 2021 pursuant to the Court's September 28, 2021 order. (*Id.*, ECF Nos. 8-9).

The Government is correct that "Rule 41(g) motions cannot be brought after the government has initiated civil statutory proceedings where the aggrieved party has an adequate remedy through those proceedings." *Mercedes Benz of St. Clair Shores v. Drug Enf't Admin.*, No. 19-11954, 2019 WL 6877889, at *3 (E.D. Mich. Dec. 17, 2019)(Levy, J.)(*citing Brown v. United States*, 692 F.3d 550, 552–53 (6th Cir. 2012))(upholding the district court's dismissal for lack of subject matter jurisdiction over a Rule 41(g) motion "where the government initiated civil proceedings" providing the claimant "with an adequate remedy for vindicating her interest in the seized funds"); *See also Shaw,* 891 F.2d at 603 ("Under standard equity doctrine, where there is an adequate remedy at law it must be pursued.").

Camaro's claims can be wholly addressed in the forfeiture proceedings. Its

7

claims that the Government cannot meet its burden of proof or has failed to provide a basis for jurisdiction can be challenged under Rule G(2), which requires that the Complaint must state grounds for subject matter jurisdiction, in rem jurisdiction, and venue as well as the basis for "a reasonable belief" that the Government can meet its burden of proof. While Camaro claims that it is "unable to determine the statutory basis" for the seizure of funds (*Id.*, PageID.10), Rule G(2)(e) requires the Complaint to "identify the statute under which the forfeiture action is brought." Camaro's claims that it was not provided timely notice of the seizure and that the Government did not commence a timely civil forfeiture action is properly raised in the forfeiture action.[1]

Because Camaro's challenges to the seizure can be raised in the underlying forfeiture action, the current Petition will be dismissed. Camaro has an adequate remedy at law before the underlying forfeiture action. The statutory provisions of the forfeiture action and applicable Rules must be followed.

---

[1] While Camaro's claim that the forfeiture action was not timely under Rule G, "the government may secure an order sealing the complaint in a civil forfeiture action; such a seal may be ordered for reasons including protection of an ongoing criminal investigation." United States v. Real Prop. Located at 6250 WT Montgomery Rd., Bexar Cty., San Antonio, Texas, No. SA:14-CV-584-DAE, 2014 WL 12886833, at *1 (W.D. Tex. Nov. 25, 2014)(internal citations omitted); Rule G(3)(c)(ii)(B). The Government's Second Amended complaint for Forfeiture states that a sealed complaint for forfeiture was filed "on or about April 26, 2021." (Case No. 21-10928, ECF No. 9 Page ID 175).

**B. Camaro's Motion to Strike the Government's Response (ECF No. 9) and Response (ECF No. 10)**

On September 23, 2021, Camaro filed a motion to strike the Government's response to the Petition under Fed. R. Civ. P. 12(f) because the response contained "'immaterial' and impertinent 'information'" and was "an 'insufficient defense'" to the Petition. (ECF No. 9, PageID.43)(*quoting* Rule 12(f)). Camaro objects to the Government's statement that Camaro failed to file an authorized and verified claim because Fed. R. Crim. P. 41(g) "does not require a verified complaint." (*Id.*, PageID.44) *citing* (ECF No. 5, PageID.37). Camaro also argues, in effect, that the Government is attempting to flout the requirements for executing and returning a warrant under Rule 41(f). (ECF No. 5, PageID.35-36). Camaro claims that Rule G does not apply because the Government "has failed to provide [it] with any notice of any seizure" and that the current Petition is not subject to the rules governing the underlying forfeiture proceeding. (*Id.*, PageID.45-46). In response, the Government argues that the "motion to strike" is merely Camaro's reply to the Government's legal arguments made in favor of dismissal. (ECF No. 10, PageID.52).

Fed. R. Civ. P. 12(f) authorizes a court to strike from a pleading any "insufficient defense or any redundant, immaterial, impertinent or scandalous matter." "A court has liberal discretion to strike such filings as it deems appropriate." *Van Loo v. Cajun Operating Co.*, 64 F. Supp. 3d 1007, 1012 (E.D. Mich. 2014)(citation and internal marks omitted). While decisions regarding

9

motions to strike are within the discretion of the court, "[m]otions to strike are viewed with disfavor and are not frequently granted." *Operating Eng'rs Local 324 Health Care Plan v. G & W Constr. Co.*, 783 F.3d 1045, 1050 (6th Cir. 2015)(*citing Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953)). A court should strike a matter if it "can confidently conclude that the portion of the pleading to which the motion is addressed is redundant or is both irrelevant to the subject matter of the litigation *and prejudicial* to the objecting party." *Jackson v. Broughton*, No. 09–11438, 2010 WL 2993993, at *1 (E.D. Mich. July 28, 2010) (citation omitted)(emphasis in original).

Camaro's argument mischaracterizes the Government's response to the Petition. The Government does not argue that Camaro did not comply with requirements of Rule 41, but rather that the challenges to the seizure must be made in the underlying forfeiture actions, subject to the requirements of Rule G wherein "the interested party is required to submit a claim to the court "'signed by the claimant under penalty of perjury'" under Rule G(5)(a) "so as to avoid the danger of false claims in forfeiture cases." (ECF No. 5, PageID.36)(*quoting* Rule G(5)(a)). The Government's argument in favor of dismissing the current Petition is not "redundant, immaterial, impertinent, or scandalous." And as discussed above, Camaro's remedy lies in making its claims pursuant to the underlying forfeiture action.

Finally, while Camaro titles the arguments as a motion to strike, it is simply challenging the Government's arguments in favor of dismissal. The Motion to Strike under Rule 12(f) is itself improper and denied. The Court construes the arguments therein as a reply to the Government's response. *See United States v. Evans*, No. 13-173, 2017 WL 2780579, at *3 (W.D. Pa. June 27, 2017)(denying petitioner's Rule 12(f) motion as "improper" but considering arguments as a reply to government's response to the Rule 41(g) petition).

### IV.   CONCLUSION AND ORDER

For the reasons set forth above,

**IT IS ORDERED** that Camaro's Petition for Remission of Seized Funds (ECF No. 1) is **DENIED and DISMISSED.**

**IT IS FURTHER ORDERED** that Camaro's Motion to Strike the Government's Response to the Petition (ECF No. 9) is **DENIED.**

**IT IS FURTHER ORDERED** that this miscellaneous action is **DISMISSED** and **DESIGNATED AS CLOSED** on the Docket.

s/Denise Page Hood
DENISE PAGE HOOD
United States District Judge

DATE:   September 6, 2023